UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA BIRD,

    Plaintiff,

    v.

FIRST ALERT, INC., et al.,

    Defendants.

No. C 14-3585 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim came on for hearing before this court on December 10, 2014. Plaintiff appeared by her counsel Michael Ram and Kirk Wolden, and defendants appeared by their counsel Robert Herrington. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

## BACKGROUND

Plaintiff Cynthia Bird alleges that defendants First Alert, Inc. and BRK Brands, Inc. (collectively, "BRK") failed to disclose the hazards of certain smoke alarms (smoke detectors) they manufacture and sell. There are two types of smoke alarms at issue here – ionization smoke alarms and photoelectric smoke alarms. BRK manufactures and sells both types of alarms. Plaintiff's claims are directed towards the ionization smoke alarms.

The packaging on BRK's First Alert® ionization smoke alarms states that ionization smoke alarms are more sensitive at detecting fast-flaming fires, while photoelectric smoke

alarms are generally more sensitive at detection smoldering-type fires. The packaging states further, "For maximum protection, use both types of Smoke Alarms on each level and in every bedroom of your home."

The basis of plaintiff's complaint is that BRK has failed to adequately disclose the dangers of using ionization smoke alarms – specifically, that ionization smoke alarms do not alert occupants of smoldering-type fires as effectively as photoelectric smoke alarms. Plaintiff asserts that BRK has been aware of this for years, and cites to various reports and studies by government agencies/boards and industry groups – both in the U.S. and in other countries – going back to the late 1970s. See Cplt ¶¶ 22-50.

In addition, plaintiff claims that the states of Massachusetts and Vermont have enacted legislation requiring the use of photoelectric-only smoke detectors in new construction. Cplt ¶¶ 46, 49. Plaintiff asserts further that the Consumer Product Safety Commission has criticized Underwriters Laboratory ("UL") – which plaintiff claims is controlled by private manufacturers – for issuing reports stating that ionization alarms are safe, following testing that plaintiff describes as using an "outdated and flawed standard." Cplt ¶¶ 51-56. Finally, plaintiff contends that BRK knew about the "inherent safety defect" in its ionization alarms as a result of "years of litigation that began in the 1980s." Cplt ¶¶ 57-58.

Plaintiff alleges that consumers purchase smoke alarms with the expectation that they will warn of fires. Plaintiff claims that consumers do not understand the difference between ionization alarms and photoelectric alarms, and further, that they do not understand the "undisclosed defect" of BRK's ionization-only smoke alarms.

Plaintiff lives in Concord, California. Cplt ¶ 7. In the winter of 2011-2012, she purchased a First Alert® ionization-only smoke alarm from Orchard Supply Hardware for her home. Notwithstanding the statements that appear on the First Alert® packaging, plaintiff alleges that "[t]he smoke detector packaging and labeling did not contain any warnings, instructions, or other information disclosing, describing, or warning about the smoke detector's inability to adequately, effectively, and safely detect, warn, alert, and

2

protect occupants from smoldering-type fires." Cplt ¶ 66. Plaintiff asserts that had BRK disclosed the "true facts" about the ionization smoke alarms, she would not have purchased the product – and that the members of the proposed class also would not have purchased the product. See Cplt ¶¶ 62, 66.

Plaintiff filed the complaint on August 7, 2014, as a proposed class action. The complaint alleges three causes of action under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and one cause of action under California Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq. Specifically, plaintiff asserts (1) violation of the "unfair" prong of § 17200; (2) violation of the "fraudulent" prong of § 17200; (3) violation of the "unlawful" prong of § 17200 (based on alleged violation of the CLRA); and (4) violation of Civil Code §§ 1770(a)(5) and 1770(a)(7). Plaintiff seeks injunctive relief and restitution on the UCL claims, and injunctive relief and damages (including punitive damages) on the CLRA claim.

BRK now seeks an order dismissing the complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).[1]

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] BRK states that in the alternative, it is seeking an order striking "legally deficient" allegations pursuant to Federal Rule of Civil Procedure 12(f). However, the body of the motion includes no argument relating to striking any particular allegations.

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Although the court generally may not consider material outside the pleadings when resolving a motion to dismiss for failure to state a claim, the court may consider matters that are properly the subject of judicial notice. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Employer-Teamster Jt. Counsel Pension Tr. Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

4

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); Yourish v. California Amplifier, 191 F.3d 983, 992–93 (9th Cir. 1999) (plaintiff must do more than simply allege the neutral facts necessary to identify the transaction; he must also explain why the disputed statement was untrue or misleading at the time it was made). Under Rule 9(b), falsity must be pled with specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged "so that they can defend against the charge and not just deny that they have done anything wrong." Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (citation and quotation omitted).

B.   Defendants' Motion

BRK makes three main arguments in support of its motion. First, BRK asserts that all four causes of action must be dismissed because the packaging on the ionization smoke alarms discloses the information that plaintiff claims was not disclosed. BRK contends that because plaintiff's claims are based on the content of the packaging, the court can take judicial notice of the packaging and disclosures provided.

BRK argues that the smoke alarm packaging on the First Alert® fire alarms includes the above-described disclosures – that ionization alarms are generally more sensitive to fast-flaming fires, that photoelectric alarms are generally more sensitive to smoldering fires, and that "for maximum protection," consumers should have both types. BRK argues that plaintiff has totally ignored these facts, and has alleged no facts showing that the actual disclosures were inadequate.

In its second main argument, BRK contends that plaintiff's UCL claims must be dismissed because she seeks damages under the CLRA, and thus has an adequate remedy at law.

In its third main argument, BRK asserts that because plaintiff alleges she does not

5

intend to purchase a First Alert® ionization-type smoke alarm in the future, she lacks Article III standing to assert a claim for prospective injunctive relief under either the UCL or the CLRA.

In opposition, plaintiff contends, first, that the disclosures on the packaging do not constitute a "warning" and do not amount to a "sufficient disclosure" of the extent of the "safety defect" inherent in the ionization smoke detectors, because they fail to state that the ionization smoke detectors might not safely alert consumers in time to escape the deadly effects of smoldering fires. She claims that her allegations are specific enough to give BRK notice of the claims being asserted in this case.

In her "Statement of Facts" in the opposition, plaintiff lists the "material omissions" she claims are alleged or referenced in the complaint. She asserts that BRK failed to disclose that its ionization-only smoke detectors

(1) do not adequately and safely warn California residents of slow smoldering fires in time to escape toxic fumes and gases, smoke inhalation, and other life- threatening effects of smoldering type fires (citing Cplt ¶¶ 2, 13, 22, 26, 29, 35, 39, 40, 46, 48, 62, 63, 71, 76, 90);

(2) may take more than 30 minutes or longer to sound an alarm in a smoldering fire, if at all (citing id. ¶¶ 2, 19, 20, 24, 31, 33), and potentially hours after photoelectric detectors (id. ¶ 23);

(3) may not respond at all to a slow smoldering fire even when the room is completely filled with smoke or when escape routes are impassable and hazardous to life (citing id. ¶¶ 19, 23, 24, 25, 30, 33, 37, 38, 42, 48);

(4) have a high probability of failure to detect smoldering fires (citing id. ¶ 30);

(5) are admittedly prone to "significantly" more nuisance alarms, which lead to disablement (citing id. ¶¶ 21, 36);

(6) have been determined inadequate in detecting smoldering fires and even banned by numerous local governments and fire safety organizations (citing id. ¶¶ 38, 39, 40, 41, 43, 44, 45, 46, 49).

6

Plaintiff contends that she is not required to identify the alleged "safety defects" with particularity because this is a fraudulent omissions case, and she is required to allege only that the omitted fact was a fact the defendant was obligated to disclose. She claims she has adequately alleged that she would not have purchased the ionization-only smoke alarm if BRK had disclosed the "material safety information" to her before her purchase, and has also alleged that she was forced to pay to replace her ionization-only smoke detector after she learned of the "omitted safety information."

The motion is GRANTED. First, the court finds that plaintiff lacks standing to seek prospective injunctive relief. To establish a threat of imminent injury, which is required to obtain prospective injunctive relief, a plaintiff must allege facts showing that he/she is "realistically threatened by a repetition of the violation." Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006); see also Rahman v. Mott's LLP, 2014 WL 325241 at *10 (N.D. Cal. Jan. 29, 2014).

A plaintiff must establish standing for each type of relief sought. See Castagnola v. Hewlett-Packard Co., 2012 WL 2159385 at *5 (N.D. Cal. June 13, 2012). He/she cannot "rely on the prospect of future injury to unnamed class members if [she] cannot establish [she has] standing to seek injunctive relief." See id. (citing Lewis v. Casey, 518 U.S. 343, 357 (1996); Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1045 (9th Cir.1999)). Where a plaintiff fails to allege facts showing that she is threatened with a "concrete and particularized" legal harm coupled with a sufficient likelihood that she will again be wronged in a similar way, she lacks standing to seek prospective injunctive relief. See id.

Plaintiff argues that she is entitled to seek injunctive relief, under two theories – that Rule 8(a)(3) allows her to make a demand for "relief in the alternative;" and that because this is a "public safety" class action, where the continued presence of the product poses a future threat to ordinary consumers, she should be permitted to seek injunctive relief for "ongoing" consumer injury based on the allegedly false designations on the product label.

While it is true that Rule 8(a)(3) allows a plaintiff to seek alternative forms of relief, any demand for relief must be supported by facts showing at least potential entitlement to

7

that form of relief. Here, by plaintiff's own admission, she has no intention of ever purchasing one of defendant's ionization fire alarms in the future. Thus, there is no likelihood that she will be wronged again in the same way. See Garcia v. M-F Athletic Co., 2012 WL 531008, at *2 (E.D. Cal. Feb. 17, 2012) ("Although plaintiffs are allowed to plead in the alternative, on a motion to dismiss the plaintiff must allege facts that 'plausibly suggest an entitlement to relief.'").

A plaintiff who has no intention of purchasing a product in the future has no standing to seek prospective injunctive relief. See, e.g., Rahman v. Mott's LLP, 2014 WL 5282106 at *5-6 N.D. Cal. Oct. 15, 2014 (discussing issue and citing cases); In re ConAgra Foods, Inc., __ F.R.D. __ , 2014 WL 4104405 at * 27-29 (C.D. Cal. Aug. 1, 2014) (same, in context of motion to certify Rule 23(b)(2) class). In particular, in a case involving a claim that a product does not work or perform as advertised, where the plaintiff will clearly not purchase the product again, courts have found no risk of future harm and no basis for prospective injunctive relief. See, e.g., Delarosa v. Boiron, Inc., 2012 WL 8716658 at *5 (C.D. Cal. Dec. 28, 2012); Castignola, 2012 WL 2159385 at *5 .

With regard to plaintiff's second theory, a named plaintiff who lacks standing to seek prospective injunctive relief is not permitted to pursue injunctive relief on behalf of unnamed class members. See Castignola, 2012 WL 2159385 at *5. In addition, numerous courts have held that a "public policy" exception to the standing requirement – which plaintiff seems to be attempting to argue here – does not comport with Article III's mandate. See Delarosa, 2012 WL 8716658 at *4-5; see also In re 5-hour ENERGY Mktg. and Sales Practices Litig., 2014 WL 5311272 at *11 (C.D. Cal. Sept. 4, 2014); Forcellati v. Hyland's, Inc., 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014); Luman v. Theismann, 2014 WL 443960, at *6-8 (E.D. Cal. Feb. 4, 2014); Mason v. Nature's Innovation, Inc., 2013 WL 1969957, at *2-5 (S.D. Cal. May 13, 2013).

Second, the court finds that the UCL claims must be dismissed because plaintiff has an adequate remedy at law. Apart from civil penalties, which are not at issue here, the UCL provides only equitable remedies. See Korea Supply Co. v. Lockheed Martin Corp.,

29 Cal. 4th 1134, 1144 (2003); Madrid v. Perot Systems Corp., 130 Cal. App. 4th 440, 452 (2005).  There is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.  Martin v. County of Los Angeles, 51 Cal. App. 4th 688, 696 (1996) (citation and quotation omitted); see also Gardner v. Safeco Ins. Co. of Am., 2014 WL 2568895, at *8 (N.D. Cal. June 6, 2014) (no entitlement to equitable relief given request for damages in insurance coverage case); Prudential Home Mortg. Co. v. Superior Court, 66 Cal. App. 4th 1236, 1249 (1998) (statutory relief under the UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy").

Here, plaintiff is seeking damages under the CLRA.  Plaintiff argues that "[t]here is no adequate remedy at law to deal with the . . . category of future harm, especially in a fire-safety case such as this one where a defective alarm could harm not only the purchaser, but also third-party guests, invitees, and neighbors including [p]laintiff."  That is, plaintiff asserts that she was exposed to harm not only by her purchase of the smoke alarms, but also "as a member of the general public, who might be harmed where others use [the ionization smoke alarms]."

This "future harm" argument, which is similar to plaintiff's argument that she should be permitted to seek injunctive relief for "ongoing" consumer injury notwithstanding her intent not to purchase the ionization smoke detector again, fails because it is speculative. See Schmier v. U.S. Court of Appeals, 279 F.3d 817, 821 (9th Cir. 2002)  ("hypothetical, speculative or other 'possible future' injuries do not count in the standings calculus").  As explained above, plaintiff's contention that she should be permitted to seek an injunction on behalf of others, namely the putative class members or the "general public," has been rejected by the Ninth Circuit.  See Hodgers-Durgin, 199 F.3d at 1045 ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").

In any event, plaintiff cannot seek restitution under the UCL because she has an adequate remedy at law in her claim for damages under the CLRA.  In addition, for the reasons stated above, the court finds that plaintiff lacks standing to seek prospective

injunctive relief, under either the UCL or the CLRA.

Third, the court finds that plaintiff has not stated sufficient facts to support a claim under the CLRA. The CLRA makes illegal various "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Conduct that is "likely to mislead a reasonable consumer" violates the CLRA. Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 680 (2006).

Plaintiff alleges violation of Civil Code §§ 1770(a)(5) and (a)(7). Section 1770(a)(5) prohibits "[r]epresenting that goods or services have . . . characteristics, ingredients, uses, benefits, or qualities which they do not have . . . ." Section 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another." To adequately plead a CLRA claim, a plaintiff must allege that she relied on the defendant's alleged misrepresentation and that she suffered economic injury as a result. Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350 (2010).

Plaintiff's CLRA claim "sounds in fraud" because it is based on the allegedly fraudulent omission of material disclosures or statements. Such claims are subject to the heightened pleading standard of Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). Generally, this requires the pleading of the "who, what, when, where, how" the time, place, and specific content of the allegedly fraudulent conduct. Swartz, 476 F.3d at 764. When a claim rests on allegations of fraudulent omission, however, the Rule 9(b) standard is somewhat relaxed because "a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." Washington v. Baenziger, 673 F.Supp. 1478, 1482 (N.D. Cal. 1987).

Nevertheless, a nondisclosure claim must still be pled with particularity. Kearns, 567 F.3d at 1126-27; see also Marolda v. Symantec Corp., 672 F.Supp. 2d 992, 1002 (N.D. Cal. 2009). Specifically, the plaintiff must set forth an explanation as to why the omission complained of was false and misleading in order to state a claim under Rule 9(b). Bias v. Wells Fargo & Co., 942 F.Supp. 2d 915, 935 (N.D. Cal. 2013). "[T]o plead the

circumstances of [the] omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." Eisen v. Porsche Cars North Am., Inc.,, 2012 WL 841019 at *3 (citing Marolda, 672 F.Supp. 2d at 1002).

While the complaint alleges that the "packaging" on plaintiff's ionization smoke detector "did not contain any warning, instructions, or other information disclosing, describing, or warning about the smoke detector's inability to adequately, effectively, and safely detect, warn, alert, and protect occupants from smoldering-type fires," and that "no information provided by [BRK] discloses the [ionization smoke detectors'] safety defect," Cplt ¶ 66, plaintiff's opposition to the present motion confirms that BRK's packaging did in fact disclose information regarding the performance of ionization alarms in smoldering fires.

Specifically, the packaging disclosed, several times, that photoelectric alarms are generally more sensitive than ionization alarms at detecting smoldering-type fires, and that "For Maximum Protection" consumers should use both types of alarms. However, the complaint alleges no facts regarding these disclosures – in particular, when plaintiff looked at the packaging (if ever), whether she reviewed the disclosures on the packaging (if at all), or why she disregarded BRK's recommendation that she use both ionization and photoelectric alarms. Nor does the complaint allege any facts showing that the disclosures were inadequate.

Now, in her opposition to the present motion, plaintiff appears to be proposing a new basis for the complaint – that BRK "failed to disclose the extent of the safety hazards." To this end, she has provided the six "material omissions" listed above, claiming that the failure to provide this information renders BRK's disclosures "inadequate." The alleged omissions or nondisclosures that plaintiff recites in her opposition to the motion are not clearly alleged in the complaint, which also provides no facts showing how any statements were misleading because they omitted material facts. The list of alleged omissions

11

1 references numerous paragraphs in the complaint, but none of the paragraphs the court
2 reviewed clearly stated that the packaging disclosures were misleading because they did
3 not include other specific information.

4     Accordingly, the court will grant leave to amend as to the CLRA damages claim.
5 Plaintiff will have a high hurdle to overcome to state a claim here, given that the First
6 Alarm® packaging explains that the two types of smoke alarms respond differently to
7 different types of fires, and recommends that consumers utilize both types.  Plaintiff may
8 not add any new parties or new claims without leave of court or agreement by defendants.
9 Any amended complaint must plead facts sufficient to state a claim under Civil Code
10 § 1770(a)(5) and/or § 1770(a)(7).

## CONCLUSION

12     In accordance with the foregoing, the motion to dismiss the UCL claims and the
13 motion to dismiss the claims for prospective injunctive relief under the UCL and the CLRA
14 are GRANTED.  The dismissal is with prejudice.  The motion to dismiss the CLRA
15 damages claim is GRANTED, with leave to amend.

16     Any amended complaint shall be filed no later than January 20, 2014.  No new
17 parties or new claims may be added without leave of court or agreement of opposing
18 counsel.

20 **IT IS SO ORDERED.**
21 Dated:  December 19, 2014

                    PHYLLIS J. HAMILTON
                    United States District Judge